# In the United States Court of Federal Claims

Nos. 12-431L, 12-592L, 13-51X

(Filed: July 7, 2016)

```
******************************************* *
GRACE M. GOODEAGLE, et al.,                  *
                    Plaintiffs,              *
v.                                           *
                                             *
THE UNITED STATES,                           *
                    Defendant.               *
******************************************* *
QUAPAW TRIBE OF OKLAHOMA,                    *
                    Plaintiff,               *
v.                                           *
                                             *
THE UNITED STATES,                           *
                    Defendant.               *
******************************************* *
THOMAS CHARLES BEAR, et al.,                 *
                    Claimants,               *
v.                                           *
                                             *
THE UNITED STATES,                           *
                    Defendant.               *
******************************************* *
```

### ORDER ON PLAINTIFFS' MOTION *IN LIMINE*

On June 10, 2016, counsel for Plaintiffs/Claimants ("Quapaw") filed a motion to strike and a motion *in limine* to bar testimony on causes of action already decided in the Court's October 1, 2015 opinion and order granting partial summary judgment to the Quapaw. Specifically, the Quapaw ask the Court to prevent the Government from introducing evidence and testimony through its expert Gregory J. Chavarria contradicting the Court's conclusions that the Government was liable for: failure to make annual educational payments of $1,000.00 from 1932 to the present; unauthorized disbursements from the Quapaw Tribe's trust accounts totaling $31,680.80; and failure to credit transactions to the Quapaw Tribe's trust accounts totaling $70,330.71.

The Government opposes the Quapaw's motion asserting that the Court's summary judgment ruling is clear error that results in manifest injustice. The Court disagrees. Despite disagreeing with the Court's partial summary judgment ruling, the Government

failed to file a motion for reconsideration. Instead, it attempts to relitigate claims considered by the Court nine months ago. There comes a point when finality must be applied.

For good cause shown, the Court GRANTS the Quapaw's motion. The Government shall not introduce at trial evidence or testimony regarding issues or claims previously decided in the Court's October 1, 2015 opinion and order.

IT IS SO ORDERED.

s/ Thomas C. Wheeler  
THOMAS C. WHEELER  
Judge